Judgment reversed, new trial ordered, costs to appellant to abide event.

IN THE MATTER OF THE DISPUTED CLAIM OF PHŒBE A. GRAPEL AND OTHERS, RESPONDENTS, *v.* N. D. CARLILE HODGES, AS ADMINISTRATOR OF HORACE D. CARLILE, DECEASED, APPELLANT.

*Agency to collect claims — when not terminated by the death of the claimant, or by that of the agent.*

The firm of Carlile & Son entered into an agreement with one Koop, reciting that certain claims existed in favor of the former, arising out of the depredations committed by Confederate privateers, and thereby made and constituted Koop their attorney to receive, and to take all lawful ways and means to collect, said claims, in consideration of which they agreed that said Koop, his legal representatives and assigns should be entitled to retain twenty-five per cent of the amount collected.

Koop proceeded to present such claims to the Tribunal of Arbitration at Geneva, by which tribunal, however, they were rejected. Carlile & Son both died prior to 1882, in which year congress appointed the Court of Commissioners of Alabama Claims, and Koop, who was not an attorney-at-law, made a contract with one Manning, a duly admitted practitioner before the said court, for the presentation, with others, of the claim of Carlile & Son agreeing to pay Manning for his services a sum equal to five per cent of whatever was due upon said claim.

After the death of Carlile & Son, Koop tendered to the administratrix of the surviving partner of the firm the services of Manning to prepare, file and prove the claim before the court, but the administratrix refused to accept such services or to allow Koop to act in any way in the prosecution of the claim, and employed other counsel, who, thereafter, recovered judgment against the United States upon such claim.

*Held,* that Koop was entitled to receive what he would have received if he had performed the contract, less the cost to him of such performance.

That a claim, upon the part of the defendant, that Koop having died, and he and Manning having been copartners in the transaction, that the rights under the agreement between Carlile & Son and Koop had devolved upon Manning, the survivor, could not be sustained, for the reason that it appeared that Manning was employed by Koop simply as an agent in the matter of conducting this business under an agreement by which he was to receive a certain percentage of the claim for his services.

That it could not be maintained that the agreement between Carlile & Son and Koop was a mere power of attorney, which was revoked by the death of the former.

That Koop, his legal representatives or assigns, had the right under the agreement to prosecute these claims, notwithstanding the death of Carlile & Son in order that they might obtain the reward of their services, and that such death in no way affected Koop's right to go on and complete the contract.

That the agreement constituted a contract under which the claim upon the fund was not to be restricted to Koop, but might also be represented by his legal representatives or assigns.

That the objection could not be sustained, that the contract was for the prosecution of certain claims which were disallowed by the Geneva Tribunal, and that upon such disallowance the contract was at an end, as subsequent to that the contract was recognized by the parties, and Koop rendered services thereunder, and the fund arose because of the steps which Koop had initiated.

That it was immaterial whether the fund arose from a legal claim or whether it was the recognition of some claim upon the bounty of the government.

APPEAL by the defendant from a judgment and from an order confirming the report of a referee, and also from an order denying a motion for a new trial.

*T. D. Hodges*, for the appellant.

*H. G. Atwater*, for the respondents.

VAN BRUNT, P. J.:

The appellant is the personal representative of Horace D. Carlile, deceased, the surviving partner of the firm of N. D. Carlile & Son. A claim having been presented by the plaintiffs, as administrators of G. H. Koop, deceased, against said estate and disputed by the administrator under the statute, the claim was referred, and the referee having reported in favor of the claim, and this report having been confirmed, judgment was thereupon entered. Upon a case made, a motion was made at Special Term for a new trial, and this motion was denied.

On the 15th of February, 1872, the firm of N. D. Carlile & Son entered into a certain agreement with G. H. Koop, deceased, recit-

ing that, whereas said Carlisle & Son hold certain claims arising out. of the depredations committed by the so-called Confederate privateers amounting to $19,124.67, they had made, constituted and appointed G. Henry Koop, their true and lawful attorney for them and in their name, place and stead, or in the name of said Nathaniel D. Carlile & Son, to ask, demand and receive, and to take all lawful ways and means to collect said claims, and whereby, for value received and in consideration of valuable services rendered and to be rendered, they agreed that said Koop and his legal representatives. or assigns should be entitled to and might retain twenty-five per cent of the amount collected in money or government securities, or whatever should be received therefor in. payment. The claims referred to constituted what are commonly known as war premium claims. Thereafter said Koop used all proper means to present the claims to the government of the United States for such action as the government should deem proper, and by reason thereof the claims were among the claims presented by the United States to the Tribunal of Arbitration, at Geneva. These claims were, however, rejected by that tribunal. N. D. Carlile, one of the firm of N. D. Carlile. & Son, died in the autumn of 1875, leaving the defendant's intes-tate the sole surviving partner of the firm. Horace D. Carlile died. in September, 1880. By act of Congress, approved June 5, 1882,. the Court of Commissioners of Alabama Claims was re-established,. and provision was made for the filing of so-called war premium claims in said court within six months from its organization, and for the hearing and decision of said claims and for the payment of the judgments rendered thereon. On the 12th of July, 1882, Koop. who was not an attorney-at-law, made a contract with one Manning,. a duly admitted practitioner before the said Court of Commissioners. of Alabama Claims, for the presentation of certain claims, including the claims of said firm, before said court, agreeing thereby to pay to said Manning for his services a sum equal to five per cent of what-ever was due upon said claims. After the death of Horace D. Car-lile, Koop duly tendered to the administratrix of the estate of the surviving partner of the firm the services of Manning to prepare, file and prove the claim before the court, but the administratrix refused to accept such services or to allow Koop to act in any way in the prosecution of the claim, and employed other counsel, who·

prepared the said claim for the administratrix, and thereafter presented the same, and thereupon recovered judgment against the United States.

The referee further found that Koop performed each and all his agreements so far as he was able to perform the same without the concurrence of the administratrix, which was refused to said Koop. In February, 1883, Koop died, leaving a last will and testament, which was duly proved, and letters testamentary were duly issued to John G. Koop, the executor named therein. John G. Koop died in September, 1883, and thereupon Phœbe A. Grapel and Robert Brown were duly appointed administrators, with the will annexed, of said G. H. Koop.

In September, 1884, Mehitable Carlile, the administratrix of Horace D. Carlile, died, and, on December 16, 1884, N. D. Carlile Hodges was appointed administrator *de bonis non* of the estate of said Horace D. Carlile, and was thereafter substituted as claimant before the Court of Commissioners of Alabama Claims in the place of Mrs. Carlile, deceased, and to the said Hodges, as administrator, was paid the sum of $9,243.37 on the 6th of September, 1886, in satisfaction of the judgment recovered on the claim filed by said Mehitable D. Carlile. In July, 1885, Manning was disbarred from practicing in the Court of Commissioners of Alabama Claims; and during the period in which he rendered services on behalf of said claim of Carlile & Son, Koop performed like services for other parties holding similar claims.

The referee found that the plaintiffs were entitled to recover, for the breach of the contract, the difference between what Koop would have been entitled to receive if he had performed the contract and the cost to him of such performance. One of the grounds upon which it is claimed that the referee erred seems to be based upon the claim that Koop and Manning were copartners in the transaction, and that the rights under the agreement, if any, with Carlile & Son, which Koop had, devolved upon Manning, the survivor. It is apparent that this claim cannot be sustained, for the reason that it appears that Manning was employed by Koop as an agent for the conducting of this business. Under his contract or agreement with Carlile & Son he had the power to take all lawful ways and means to collect the claims mentioned, and the firm of Carlile & Son

gave to Koop and to his legal representative full power and authority to do any act whatever necessary to be done as they might or could do. Koop, therefore, under this contract, had the right to employ such agents and persons as he saw fit and might think necessary, in order to bring the conduct of the business to a successful conclusion, and in the employment of Manning he was simply exercising this power, agreeing to pay him as compensation a certain percentage of the claim. As well might it be said that Koop became a copartner with Carlile & Son by reason of the agreement with him that he should receive a percentage of the recovery as that Manning became a copartner with Koop by reason of the agreement with him.

The next point which has been raised is, that upon the death of N. D. Carlile, in 1875, the power of attorney to Koop was revoked. We have searched in vain through Exhibit A to find any power of attorney therein contained. There is a recital in Exhibit A that Carlile & Son had made, constituted and appointed Koop their attorney, and then follows the agreement in reference to the compensation, and also in regard to certain powers which Koop was to have in the carrying out of the purposes for which the power of attorney had been given and the agreement in question made.

It is undoubtedly true that Carlile & Son were the owners of the claim and that it was collected for their benefit. But there was also contained in that instrument an agreement, upon the part of Carlile & Son, that Koop, his legal representatives and assigns, should be entitled to a certain interest in these proceeds, and that Koop, his legal representatives and assigns should have full power and authority to do what was necessary to be done in and about the premises as fully to all intents and purposes as they could do. Here is an express agreement between Carlile & Son and Koop in reference to this matter, and that the claim upon this fund was not to be restricted to Koop, but might also be represented by his legal representatives or assigns. If there ever was an interest conferred by a contract, there certainly was under this agreement. If authority was needed upon this point the strong case of *Bachman* v. *Lawson* (109 U. S., 659) would remove all doubt. Under a contract precisely similar to this it was held that such a contract was a mere personal agreement to pay for services a sum equal to a proportion of the amount which might be recovered. This was a contract

which the Supreme Court held in that case might be enforced, and that such an agreement was a valid and binding one. The mere fact that under the agreement no portion of the claim is assigned to the agent, in no manner affects the legal effect or scope of the contract. A firm who makes a contract with an attorney that he shall be paid a certain percentage upon the profits realized from a certain adventure, in no way assigns any interest therein, but still it is a contract which may be enforced. In a similar way Carlile & Son made an agreement with Koop that he should receive a certain percentage out of a certain fund when realized, and the representatives of Koop have the right to enforce that claim against the representatives of Carlile. It is not necessary to discuss the question as to whether this agreement is void because previous to the act of Congress the courts absolutely rejected all these claims because that question has been expressly decided in the case of *Bachman* v. *Lawson*, above referred to.

It is further urged, upon the part of the appellant, that the power to collect and actual collection became impossible at the death of the defendant's intestate, and that, therefore, the contract came to an end because its mutuality no longer existed. We utterly fail to see how, by the death of Carlile in 1875, any of their rights became in any way affected by such death. Koop, his representatives or assigns, had the right, under the agreement, to prosecute these claims in order that they might obtain the reward of their labors. It was agreed that, as a compensation for services rendered, and to be rendered, this percentage should be paid, and after the rendition of services, and after entering upon the employment which was to be paid in this way, the death of either of the Carlisles in no way affected the right of Koop to go on and complete the contract, and he cannot be ousted of his right.

The case of *Wylie* v. *Coxe* (15 How. U. S., 415) seems to be precisely in point, although it is claimed, upon the part of the defendants, that that case is not an authority, because the contract with the plaintiff was executed by the attorney while he was living, and, of course, his subsequent death was immaterial.

An examination of that case shows that the court recognized the fact that the attorney had the right to continue his services in the prosecution of the claim, and that the administrator of the deceased

claimant had no power to annul the contract, if it had been made *bona fide* by the attorney and the business had been efficiently prosecuted by him. The condition of the contract is precisely the same where the personal representative of one of the contracting parties refuses to allow him to continue in the employment, and he has offered his services. This is all that he can do, and by the refusal of his services the administrator certainly cannot deprive him of his rights and thereby annul the contract.

The objection is made that the contract was for the prosecution of certain claims which were disallowed by the Geneva Tribunal, and that, therefore, the contract was at an end. But subsequent to that time the contract was recognized by the parties; Koop rendered services, and the fund arose because of the steps which Koop had initiated, and it was out of these funds thus secured that it was understood he was to be paid for his services.

It is immaterial whether the fund arose from a legal claim, or whether it was a recognition of some claim upon the bounty of the government. It was a payment to the representatives of Carlile & Son, on account of these war premiums which they had advanced, and it was a collection of that claim, whether it was a claim to bounty or a claim founded upon right, and Koop was entitled to his share of the proceeds.

Therefore, the question as to whether the claim had its foundation in legal right or not is entirely immaterial, as it was for services in connection with this subject-matter which was intended to be compensated by the contract, and they having resulted in the collection of a considerable amount of money, there is certainly neither justice nor equity in attempting to defraud the agent out of the compensation which he has earned.

The orders appealed from should be affirmed.

Brady and Daniels, JJ., concurred.

Orders affirmed.